**In the Matter of Deborah Ann MONTEIRO, Debtor.**

**The CLARKSDALE BANK, Plaintiff,**

**v.**

**Deborah Ann MONTEIRO, Defendant.**

**Bankruptcy No. 81–00617–SJ.**
**Adv. No. 81–1371–SJ.**

United States Bankruptcy Court,
W. D. Missouri,
St. Joseph Division.

Jan. 19, 1982.
As Amended Jan. 21, 1982.

Robert B. Paden, Maysville, Mo., for plaintiff.

Gerald L. Liles, St. Joseph, Mo., for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DENYING PLAINTIFF'S COMPLAINT FOR DENIAL OF DISCHARGE

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff requests denial of a discharge in bankruptcy to the defendant on the grounds that she removed property of the plaintiff within the year next preceding the date of her petition for relief in title 11 proceedings with actual intent to hinder, delay and defraud the plaintiff. See § 727(a)(2)(A) of the Bankruptcy Code. Trial of the material issues made by the pleadings was conducted in St. Joseph, Missouri, on January 15, 1981. The plaintiff appeared by Robert B. Paden, Esquire, its counsel, and the defendant appeared personally and by Gerald L. Liles, Esquire, her counsel. The evidence then adduced showed that, on November 15, 1980, (which is within one year prior to the date of petitioner's filing her petition for chapter 7 relief, (February 26, 1981)), the defendant executed a security agreement in favor of the plaintiff in which she purported to grant the plaintiff a security interest in the following described vehicle: A 1975 Chevrolet ¾ 4 × 4 Pickup Serial No. CKY245F320258. A loan of $2,000 was extended to the defendant, at least $1,200 of which constituted a renewal of a pre-existing loan and the remaining $800 of which was apparently used to pay off other loans which the defendant owed to the plaintiff. At the time of execution of the security agreement, the vehicle in which the plaintiff sought to take a security interest was not titled in defendant's sole and exclusive name. Rather it was titled jointly in her name and that of her father. The bank vice president, Cleo Plowman, at the time of the defendant's execution of the security instrument, instructed the defendant that she should first have the vehicle transferred to her sole and exclusive name and then apply for another certificate of title on

which the plaintiff should be listed as the sole lienholder. The bank vice president, however, left these matters wholly to the defendant and did not even inquire into her ability to effect the transfers and title changes until she had defaulted in her initial payments under the security agreement some 40 days later. Further, plaintiff's vice president testified in the hearing of this matter that there was "no deadline", imposed on the defendant's accomplishing the transfer of title and issuance of a new certificate of title. The defendant did not effect either a change in the title whereby her father's name was eliminated from it or a change whereby the plaintiff became listed as a lienholder. Rather, on or about January 5, 1981, she pledged the unchanged certificate of title with the First Stockyards Bank to secure a loan in the approximate sum of $1,700. Consequently, as of the date of the hearing in this action, the title was still in the physical possession of the First Stockyards Bank.

On the basis of these facts, it is the plaintiff's contention that the title was property in which it had a security interest and that the debtor removed or concealed that property with actual intent to hinder, delay, or defraud it. Thus, it is contended, she must be denied a discharge in bankruptcy under § 727(a)(2) of the Bankruptcy Code. That section provides that a debtor's discharge in bankruptcy may be denied on the grounds that:

> "The debtor, with intent to hinder, delay, or defraud a creditor ... had transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition." § 727(a)(2) of the Bankruptcy Code.

In order to establish that this ground for denial of discharge exists, the plaintiff must demonstrate that the removal was accomplished with actual intent to hinder, delay, or defraud a creditor. "At the trial on a complaint objecting to discharge, the plaintiff has the burden of prov-

ing the facts essential to his objection." Rule 407 of the Rules of Bankruptcy Procedure. But the facts demonstrated in this action show no intent on the part of the defendant which was in any respect adverse to the plaintiff or inconsonant with her duty to plaintiff. The evidence clearly shows that the plaintiff, before extending credit in some fashion under the security agreement, did not undertake the arrangements necessary to place its name on the certificate of title as a lienholder. Instead, it rather liberally and casually left the making of these arrangements to the defendant and placed "no deadline," according to the express testimony of its vice president, on her completing the arrangements. Thus, her failing for some months to complete those arrangements and even meantime pledging the title certificate with another creditor were not actions which in any way violated her duty to plaintiff. Rather, they were perfectly consistent with an intention of eventually redeeming the certificate from the First Stockyards Bank and having it transferred in accordance with the plaintiff's requests at some time in the future. When "no deadline" was imposed, the defendant's actions in these respects were wholly in accordance, and not inconsistent, with the instructions given her by the plaintiff's vice president. Further, the evidence clearly shows that the plaintiff knew that the vehicle was not titled exclusively in the defendant's name and that, therefore, it might not be easy or soon or even possible for the defendant to have her father agree to transfer title to her name only. It would be contrary to the principles of equity which surround a determination of whether discharge should be denied to base a denial of discharge on the debtor's failure to perform a task which is difficult or impossible and which is one, moreover, usually performed by the creditor. There is no evidence, furthermore, from which it may be inferred that the defendant was contemplating the filing of a petition for relief under title 11 of the Bankruptcy Code at the time of any of these events and occurrences which are relevant to this action.

It is therefore, accordingly,

ORDERED AND ADJUDGED that the plaintiff's complaint objecting to the defendant's discharge in bankruptcy be, and it is hereby, denied.